UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DION LEROY JOHNSON,<br><br>    Defendant and Petitioner.<br>_____/ | No. CR 04-0163 PJH<br>C 07-4467 PJH/ 07-5943 PJH<br><br>**ORDER DENYING 28 U.S.C. § 2255 AND § 2241 PETITIONS** |

Petitioner Dion Leroy Johnson's ("Johnson") petitions for writ of habeas corpus and/or to vacate his sentence under 28 U.S.C. §§ 2255 and 2241 are currently before the court. For the reasons set forth below, the court DENIES Johnson's petitions.

**BACKGROUND**

On April 23, 2004, the United States filed a complaint charging Johnson and his co-defendant, Ramont Darrell Johnson (no relation), with bank robbery and aiding and abetting bank robbery under 18 U.S.C. § 2113(a). Both defendants were subsequently indicted on May 6, 2004. On November 1, 2004, Johnson signed a plea agreement, in which he pleaded guilty to the bank robbery charge. Pursuant to his plea agreement, Johnson "agree[d] not to file any collateral attack on [his] conviction or sentence, including a petition under § 2255, at any time in the future after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." On April 28, 2006, the court accepted the plea agreement and sentenced Johnson to ninety

months in prison, which, on August 27, 2007, the court reduced to seventy-six months based on the government's motion pursuant to Federal Rule of Criminal Procedure 35(b).

On August 29, 2007, Johnson filed a § 2255 petition to vacate, set aside or correct his sentence, which was mistakenly assigned to Judge Armstrong, C 07-4467 SBA.[1] Subsequently, on November 26, 2007, Johnson filed an additional § 2255 petition which was assigned to the undersigned judge, C 07-5943 PJH.  This court issued an order to show cause in C 07-5943 PJH on November 28, 2007, and the government filed its response on December 28, 2007.

Johnson's other § 2255 petition, C 07-4467 SBA, came to this court's attention in January 2008.  On January 15, 2008, the court ordered reassignment of the earlier-filed § 2255 petition in C 07-4467 SBA, and consolidated the two § 2255 motions.  The government filed a supplemental response on February 14, 2008, and Johnson filed a reply on March 3, 2008.

Following reassignment, the court became aware that several motions were pending in C 07-4467 SBA at the time of reassignment, including Johnson's petition under 28 U.S.C. § 2241 to transfer to the Northern District of California.  The court subsequently ruled on a number of those motions, and pursuant to this court's order to show cause, the government responded to the § 2241 petition on February 15, 2008, and Johnson filed a reply on March 3, 2008.

## DISCUSSION

The court addresses Johnson's §§ 2255 and 2241 petitions separately below.

**A.    Section 2255 Petitions**

Johnson presented numerous claims in his section 2255 petitions filed in both C 07-5943 PJH and C 07-4467 SBA.  However, many of the claims are duplicative; and, as the

---

[1] It is the practice of this district to assign section 2255 petitions to the sentencing judge, in this case the undersigned.  Johnson labeled his August 29, 2007 petition as a "motion to reverse conviction pursuant to 28 U.S.C. § 2241 or 2255."  Because the petition is not challenging the *execution* of Johnson's sentence, it is properly construed as a section 2255 motion as opposed to a section 2241 motion.

court noted in its January 15, 2008 order, Johnson's section 2255 petitions can be distilled down to five claims as follows:

(1) the prosecution presented misleading information to the grand jury;

(2) the prosecution continued with the case after knowingly presenting perjured testimony to the grand jury;

(3) Johnson received ineffective assistance of counsel when his counsel failed to challenge the above issues by moving for dismissal of the indictment and/or suppression of the evidence;

(4) Johnson's guilty plea was unknowing and involuntary because his counsel coerced him into pleading guilty; and

(5) that his counsel was ineffective when she "induced" Johnson to plead guilty to an offense that she knew Johnson did not commit.

**1.     Waiver**

Of these claims, Johnson has waived all but the last two concerning the voluntariness of his guilty plea and the related ineffective assistance of counsel claim. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). A defendant who pleads guilty cannot later raise in collateral proceedings independent claims relating to the deprivation of constitutional rights that occurred before the guilty plea. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same).

The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular

plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver).  A defendant who enters a guilty plea on the advice of counsel may generally only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Tollett*, 411 U.S. at 267; *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

Because claims 1-3 allege deprivations that occurred prior to entry of Johnson's guilty plea and because Johnson expressly waived those claims in his plea agreement, they do not provide a basis for relief.

**2.  Timeliness**

Turning to claims 4 and 5, which were not waived by Johnson's guilty plea, the court must first consider the timeliness of those claims.

Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2255.

Typically, the statute of limitations will begin to run on the date the judgment of conviction became final.  *See* 28 U.S.C. § 2255(1); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Guided by the Supreme Court's definition of finality set forth in *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners.  *See United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004).  Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal."  *Schwartz*, 274 F.3d at 1223.

4

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within ten days after entry of judgment. Therefore, where no direct appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction. *See id.*

Here, no direct appeal was filed, and judgment was entered on May 5, 2006. Johnson has not alleged any impediment to filing created by governmental action; nor does he contend that the constitutional rights on which his claims are based are newly recognized. Accordingly, unless the factual predicate of Johnson's claims could not have been discovered through the exercise of due diligence, Johnson's judgment of conviction became final on May 19, 2006. Thus, the statute of limitations for filing his § 2255 petition would have expired on May 18, 2007, rendering even Johnson's earliest § 2255 petition, filed in C 07-4467, on August 29, 2007, untimely.

Johnson concedes that his § 2255 petitions are untimely, but claims that he did not receive supporting "documentation" from his attorney in support of his claims until August 27, 2007, thereby equitably tolling the statute of limitations until then. It is true that the limitations period under § 2255 is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time. *See Battles*, 362 F.3d at 1197.

In the two claims that Johnson did not waive, he contends that his plea was not knowing and voluntary because his counsel misinformed him regarding the consequences of a guilty plea, and regarding his likelihood for success at trial. In support, he argues that his counsel was aware or should have been aware of false governmental evidence and a tainted criminal complaint, but nevertheless coerced him into pleading guilty anyway, and failed to advise him that he could not be convicted on an indictment based on false evidence. Johnson also suggests that his counsel knew or should have known that he was actually innocent, but let him plead guilty nevertheless.

There are no extraordinary circumstances entitling Johnson to equitable tolling in

this case. His nonwaivable claims, described above, are based solely on information within Johnson's control and knowledge, and could easily have been raised within the statute of limitations period with some exercise of due diligence. Johnson has not introduced any new documentation that the government's evidence was false or that he is actually innocent; nor has he produced any new documentation suggesting that his counsel believed or should have believed that he was actually innocent and/or that the government's evidence was false.

For these reasons, Johnson's § 2255 claims 4 and 5 are time-barred, and his § 2255 petitions are DENIED.

**B.     Section 2241 Petition**

At the outset, the court notes that § 2241 claims are not subject to a one-year statute of limitations; and accordingly, there is no timeliness issue with respect to Johnson's § 2241 claim. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004).

In his § 2241 petition, Johnson contends that respondent retaliated against him by transferring him from Dublin, California to Beaumont, Texas after he filed his § 2255 petition on August 29, 2007 in C 07-4467. He contends that he was transferred so that it would make it difficult for him to litigate his case, and that as a result of the transfer, much of his paperwork was lost or misplaced. He argues that he should not have been transferred out of the Northern District of California until after his § 2255 motion was finally adjudicated. He requests transfer back to the Northern District of California pending final disposition of his § 2255 petitions. In response, the government contends that Johnson failed to demonstrate that he has exhausted his administrative remedies, and also that he has failed to meet his burden of pleading retaliatory transfer.

To establish a claim for retaliation, Johnson must prove he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penalogical goals, such as preserving institutional order and discipline. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). He must also submit evidence to establish

6

a causal link between the exercise of his constitutional rights and the allegedly retaliatory action.  *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

Here, Johnson has submitted no evidence establishing that he was transferred in retaliation for filing the § 2255 petition; nor has he submitted any evidence that prison officials were even aware that he had filed it.  Additionally, Johnson also has not submitted evidence that his transfer was not for a legitimate penalogical purpose.  Moreover, as the government correctly notes, Johnson has also failed to demonstrate that he exhausted his administrative remedies prior to filing his § 2241 petition, as required.  *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).  Finally, because this court has now finally adjudicated Johnson's § 2255 claims – the proffered purpose for his request for transfer back to this district - the relief he seeks via his § 2241 petition has been mooted.

For all of these reasons, Johnson's § 2241 petition is DENIED.  This order fully adjudicates the motions listed at Nos. 1 and 9 of the clerk's docket for C 07-4467 PJH, and at No. 98 of the clerk's docket for CR 04-0163 PJH, and terminates all other pending motions.  The clerk shall close the files in C 07-4467 PJH and C 07-5943 PJH.

**IT IS SO ORDERED.**

Dated: May 15, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge